IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FREDDIE JOE RAY, | § | |
| a/k/a Joe Freddie Ray, | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0308 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY RESPONDENT DRETKE'S MOTION TO DISMISS**

Came for consideration the above-entitled motion filed by respondent on March 1, 2006. By his motion, respondent contends petitioner's habeas petition challenging his parole revocation should be dismissed as time barred. Respondent's motion should be DENIED.

<u>TIME BAR</u>

In cases challenging state parole decisions, the one-year limitation period of the AEDPA begins to run on the "date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Here, the one-year period of limitation began on the date petitioner's parole was revoked, *i.e.*, April 15, 2004, thus requiring his federal habeas petition be filed on or before April 15, 2005. *Cf. Bailey v. Johnson*, 2001 WL 282756 (N.D. Tex. March 15, 2001) (respondent considered the date the petitioner learned of the denial of his motion to reopen as the latest possible date on which the factual predicate of his claims could

have been discovered through the exercise of due diligence). If revoked, a parolee is afforded the right to request the Board reopen the revocation hearing within 45 days from the date of the Board's decision. 37 Tex. Admin. Code § 145.54 (West 2004). Here, petitioner filed a motion to reopen his revocation hearing on April 20, 2004, which was denied May 17, 2004. In his answer, respondent states that even if the time period during which the motion to reopen was pending tolled the statute of limitations, petitioner's federal habeas application remains untimely. Because the undersigned finds petitioner is not time barred on other grounds, this Court need not decide whether equitable tolling is appropriate for the time a petitioner is exhausting his administrative remedies in the parole context, or whether the pursuit of such administrative remedies can be deemed "other collateral review" warranting tolling pursuant to § 2244(d)(2), or even whether respondent could assert, on federal habeas review, that a petitioner has not exhausted his state administrative remedies if he has not filed a motion to reopen and is now procedurally barred from so filing. *See id.*

It appears that on November 10, 2004, petitioner completed a state habeas form application challenging his parole revocation. (Tr. 64-72). It further appears that on November 15, 2004, petitioner completed a handwritten state habeas application urging additional facts and legal citation to challenge his parole revocation. (Tr. 74-82). Thereafter, petitioner apparently mailed his state habeas petitions to Hale County for filing. On November 23, 2004, the court coordinator for the 64th Judicial District Court in Hale County signed a certified mail receipt indicating delivery of an article apparently addressed to:

> Carla Cannon/ Senior Judge Jack Miller
> 240 Courthouse Square
> 500 Broadway Street
> Plainview, Texas 79072

Carla Cannon was the Hale County District Clerk. Judge Jack Miller was the state district judge who had presided over petitioner's 1994 trial in the 64th Judicial District Court.[1] Both of their offices were located at 500 Broadway, however, the district court's assigned room number was 240 and the district clerk's assigned room number was 200. Upon receipt, the court coordinator placed petitioner's habeas applications into an inmate correspondence file, and the district clerk does not appear to have had notice of the attempted state habeas filing.

On December 31, 2004, petitioner apparently corresponded with the district attorney (DA) for Hale County, at 500 Broadway, Room 300, inquiring as to his case. (Ex. G to Petitioner's Response). On January 12, 2005, the DA responded that he was unable to locate petitioner's file for further research. On February 7, 2005, petitioner apparently forwarded a supplemental brief in support of his state habeas writ to the DA.

On May 6, 2005, petitioner filed a writ of mandamus with the Texas Court of Criminal Appeals seeking to compel the Hale County District Clerk to forward his state habeas application to the higher court.[2] On June 18, 2005, petitioner corresponded with the Clerk's office requesting acknowledgment of receipt of his state writ petition and memorandum, his supplemental brief, and an amendment to the supplemental brief. (Tr. 44-45). In his letter, petitioner indicated the November 23, 2004 certified mail receipt signed by the court coordinator. On June 28, 2005, the Clerk responded that petitioner did not have a writ pending. (Tr. 47). On June 30, 2005, petitioner again corresponded to the District Clerk requesting that

---

[1] By this time, Judge Rob Kinkaid was the presiding judge of the 64th Judicial District Court of Hale County.

[2] On June 7, 2005, petitioner filed a Motion for Relief from Judgment or Order with the Hale County District Clerk requesting the 64th Judicial District Court vacate the revocation ruling and reinstate his parole. This pleading was enclosed in an envelope addressed to the "District Clerk 64th District Court" at 500 Broadway, No. 300, the room for the District Attorney. On June 29, 2005, petitioner also filed a Motion for Rehearing to Reinstate, forwarded in a similarly addressed envelope.

she search for the state habeas petition. (Tr. 53-55). On July 6, 2005, the District Clerk advised petitioner to complete an enclosed blank state habeas application and return to the Clerk for filing and forwarding to the Texas Court of Criminal Appeals. (Tr. 56). On July 10, 2005, petitioner again corresponded with the District Clerk, advising therein that he would not submit a new habeas application but, instead, directing the Clerk to find the previously received application. On July 13, 2005, the Texas Court of Criminal Appeals directed the Clerk to file a response with the court indicting the procedural history of petitioner's habeas application. (Tr. 61-62). Finally, on August 11, 2005, petitioner's original state habeas applications were filed of record with the Hale County District Clerk. (Tr. 64-82). On October 19, 2005, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *Ex parte Ray*, No. 33,752-03. On November 29, 2005, petitioner filed the instant federal habeas application with this Court.[3]

Respondent argues petitioner's federal habeas application is time barred, and should be dismissed, because it was not filed until August 11, 2005, long after the one-year period of limitations had expired. Respondent contends petitioner's "attempts to mail his state writ to the Judge's chambers do not operate to toll the statute of limitations period." Respondent argues the proper place for petitioner to file his state habeas application was with the Clerk of the Court in which his conviction was obtained. Respondent concludes any failure of petitioner to file his writ in the "proper" procedural form cannot be deemed a basis for statutory tolling. Respondent also maintains petitioner is not entitled to equitable tolling because he has not shown he was prevented in some extraordinary way from filing in a timely manner, that he was actively misled

---

[3] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

by respondent, or that any other ground exists for equitable tolling.  Respondent argues petitioner should have, and could have, acted with due diligence and properly pursued his claim earlier, rather than waiting to seek relief, thus, equitable tolling is not appropriate.  Respondent concludes petitioner's federal habeas application must be deemed untimely and dismissed with prejudice.

   The undersigned disagrees.  At the least, the one-year limitation period should be equitably tolled from November 23, 2004, the date the state habeas petition was received by court personnel at the Hale County Courthouse, addressed to Carla Cannon, the District Clerk, through August 11, 2005, the date it was actually filed of record by the Clerk.  The habeas petition was mailed to the District Clerk, albeit the chambers of the prior state district judge, at the Hale County Courthouse.  Numerous other filings were received by the District Clerk despite incorrect room numbers being listed in the address.  It is undisputed that Court personnel actually received the state habeas petition in November 2004.  The undersigned does not find petitioner slept on his rights.  Instead, petitioner attempted to file his state habeas within six (6) months after the motion to reopen his parole revocation was denied and, with due diligence and perseverance, attempted to determine the status of his state habeas petition.  Further, petitioner promptly filed his federal petition approximately 40 days after his state habeas petition was denied.

   The undersigned finds the statute of limitations should be equitably tolled for 261 days for the time during which state court personnel were in possession of his state habeas application.  If the 1-year period of limitation began on April 15, 2004, set to expire on April 15, 2005, but 261 days are equitably tolled, petitioner's federal habeas application was not due until

January 2, 2006.  Petitioner is also entitled to statutory tolling from August 11, 2005 to October 19, 2005 for the time during which his state habeas application was pending – a total of 69 days.  *See* 28 U.S.C. § 2244(d)(2).  Petitioner's federal habeas application, filed on November 29, 2005, is thus timely by approximately 104 days.  Consequently, petitioner's federal habeas petition should be deemed timely filed.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss filed by respondent DOUGLAS DRETKE be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to the parties by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>7th</u> day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first

page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).