

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FREDDIE JOE RAY, | § | |
| a/k/a Joe Freddie Ray, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0308 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner FREDDIE JOE RAY a/k/a Joe Freddie Ray has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his April 15, 2004 parole revocation. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

### I.
### PROCEDURAL HISTORY

On March 25, 1994, in Cause No. A10908-9111, petitioner was convicted in the 64th Judicial District of Hale County, Texas, of the offense of burglary of a habitation, enhanced by a prior burglary of a habitation conviction, and sentenced to 10 years confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID). Petitioner was credited with

jail time, resulting in a sentence begin date of January 11, 1994.

On May 3, 1994, in Cause No. A11551-9311, petitioner was convicted in the 64th Judicial District Court of Hale County, Texas, of the offense of robbery, a second degree felony, and was sentenced to 20 years confinement in TDCJ-ID. Petitioner was also assessed a fine of $10,000 and restitution of $28,700 plus court costs. The trial court credited petitioner with 103 days of jail time, resulting in a sentence begin date of February 2, 1994.[1]

On June 27, 2001, petitioner was granted early release from confinement to parole. Petitioner agreed to abide by the conditions of parole and was released to parole on September 6, 2001. On November 25, 2003, petitioner was arrested in Lynn County, Texas for the misdemeanor offense of driving while intoxicated (DWI). On December 10, 2003, petitioner was charged by complaint in Cause No. 2003-11170 with the DWI offense. Petitioner agreed to participate in a pre-trial diversion program whereby he would not be adjudged guilty of the DWI offense and no conviction would be entered if he successfully completed the program.

On February 17, 2004, the Texas Board of Pardons and Paroles issued a pre-revocation warrant for petitioner's arrest alleging he had violated the terms of his Texas parole. Said warrant was executed on February 27, 2004. On that same day, petitioner was informed of his rights in the revocation process, and that he was charged with violating his parole by violating Rule #2 which required petitioner to obey all municipal, county, state and federal laws by committing the offense of driving while intoxicated. On March 9, 2004, a preliminary hearing was held in Midland, Texas, during which petitioner denied violating the conditions of his release. Petitioner was denied appointment of counsel at the preliminary hearing based on the

---

[1]Additional history concerning petitioner's convictions is not necessary for resolution of this case.

hearing officer's finding that the issues were non-complex and petitioner was "articulate and capable of speaking for himself." At the hearing, petitioner's supervising parole officer testified that the DWI charge against petitioner was still pending, but that he did not have a copy of the complaint with him, and that petitioner was participating in a pre-trial diversion program with regard to the charges. The hearing officer determined probable cause existed to believe petitioner violated conditions of release and that a revocation hearing should be convened. The hearing officer specifically found, *inter alia*, petitioner violated Rule #2 prohibiting the commission of a crime in violation of state law based upon State's exhibit B, the 5-page DWI offense report. The preliminary hearing report indicated no defense exhibits were taken into evidence.

On March 23, 2004, the Board of Pardons and Paroles conducted a parole revocation hearing on the allegation that petitioner had failed to comply with the terms of his parole by committing a new criminal offense, to wit: driving while intoxicated. At the revocation hearing, petitioner was again denied appointed counsel on the hearing officer's finding that the issues were non-complex and that petitioner was "articulate and capable of speaking for himself." Petitioner denied the allegation that he had violated Rule #2 of the conditions of his release arguing he was not, in fact, intoxicated while operating a vehicle as alleged. At the hearing, petitioner's parole officer testified as to petitioner's participation in the pretrial diversion program with regard to the DWI charge, and petitioner testified as to the terms of his pretrial diversion program. At the hearing, the hearing officer admitted as State exhibits the preliminary hearing report (Exhibit A), the 1-page DWI complaint (Exhibit B) and petitioner's agreement to participate in the pretrial diversion program (Exhibit C). The hearing was continued to April 5,

2004 in order for petitioner to question the DPS trooper that arrested him for the DWI offense. The trooper testified petitioner's breathalyser tests measured .092 and .093 and that petitioner exhibited 5 of 6 clues of the Horizontal Gaze Nystagmus test. In his defense, petitioner testified he had consumed Robitussin medication at about 7 a.m. on the date of his arrest, was not aware that the medication contained alcohol, and that he did not believe he was intoxicated while operating a motor vehicle as alleged in the complaint. The hearing officer concluded petitioner did, in fact, violate Rule #2 of the conditions of his parole. A Midland County Sheriff's Office investigator testified as to petitioner's good actions and adjustments while on parole and a stipulation of fact was entered that petitioner's common law wife would testify similarly. The field officer recommended petitioner be continued on supervision with modified conditions. The hearing officer, however, recommended revocation of petitioner's parole. On April 15, 2004, the Parole Board found petitioner had violated the terms of his release and revoked petitioner's parole.[2] On April 20, 2004, petitioner moved to reopen his revocation hearing, said motion being denied May 17, 2004.[3]

On August 11, 2005, petitioner sought review of his parole revocation by filing a state application for habeas corpus relief. On October 19, 2005, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. On November 28, 2005, the Texas Board of Pardons and Paroles corresponded with petitioner in response to his letters dated September 12, 2005, September 14, 2005, and October 5, 2005. The Hearing Analyst who replied to petitioner attempted to clarify petitioner's perceived misunderstanding as to when

---

[2] Petitioner's parole officer and the field officer both recommended petitioner be continued on supervision with special conditions imposed. The hearing officer and the supervising officer recommended petitioner's parole be revoked.

[3] It appears petitioner also filed a state civil suit in Midland County, Texas seeking recovery of damages a s a result of his parole revocation proceeding. Said case was dismissed as frivolous on April 12, 2005.

various exhibits were introduced and accepted during the hearings. The Hearing Analyst denied petitioner's motion for reinstatement on the basis that no ground existed to support reinstatement. On November 29, 2005, petitioner filed the instant federal habeas corpus application.[4]

By his federal habeas application, petitioner contends his federal constitutional rights were violated with regard to the revocation of his parole in the following respects:

1. Petitioner was unconstitutionally denied right to counsel at the preliminary hearing and the revocation hearing;

2. At the preliminary hearing, the hearing officer refused to admit evidence of the pre-trial diversion program petitioner had entered into with regard to his DWI charge which, if successfully completed, would have eliminated the adjudication of guilt for the DWI;

3. The preliminary hearing officer (PHO) committed fraud in that he stated he admitted the DWI offense report into evidence at the preliminary hearing even though such report was not available to the PHO until after the hearing and, without such report, there was no probable cause to warrant a revocation hearing; and

4. Petitioner was denied a hearing for an offer of proof during state habeas corpus proceedings as requested.

On March 1, 2006, respondent filed a Motion to Dismiss wherein he argued petitioner's federal habeas corpus application should be dismissed as time barred.[5] On September 5, 2006, respondent's motion to dismiss was denied based upon the recommendation of the undersigned. On October 3, 2006, respondent filed an answer to petitioner's habeas application. On October

---

[4] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[5] On July 2, 2006, petitioner discharged his 10-year sentence for his conviction of the offense of burglary of a habitation.

11, 2006, petitioner filed a reply brief to respondent's answer.[6]

## II.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of

---

[6]On October 30, 2007, petitioner was released from confinement to parole on his 20-year sentence for his conviction of the offense of robbery.

Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997).

The Texas Court of Criminal Appeals denied petitioner's state habeas application, wherein he raised the same claims raised in the instant federal petition, without written order. Such a denial constitutes an adjudication on the merits. Consequently, this Court cannot grant habeas corpus relief unless the state court's determination conflicts with clearly established federal law as determined by the Supreme Court or the state court's decision was based on an unreasonable determination of the facts in light of the evidence. Petitioner has not, in anyway, attempted to show or shown the state court's decision was based on an unreasonable determination of the facts in light of the evidence.

With regard to legal issues adjudicated on the merits in state court proceedings, federal habeas corpus relief cannot be granted unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "The state court's application of the law must be 'unreasonable' in addition to being merely 'incorrect.'" *Caldwell v. Johnson*, 226 F.3d 367, 372 (5th Cir. 2000). Similarly, petitioner has failed to show the state court's decision was unreasonable and is not entitled to federal habeas relief. All of petitioner's claims should be DENIED for failure to meet the requisite threshold showing for federal habeas corpus relief.

## A.
## Right to Counsel

By his first ground, petitioner argues he was unconstitutionally denied right to counsel at the preliminary hearing and the revocation hearing. Specifically, petitioner contends the issues of his case were complex and, therefore, he was constitutionally entitled to appointment of counsel. Petitioner argues he was harmed by the denial of counsel because counsel would have presented the voluntary agreement to participate in the pre-trial diversion program document and would have prevented the preliminary and revocation hearing officers from ignoring the importance of the document.

There is no absolute right to counsel in parole revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973). However, a due process right to counsel does exist if the parolee makes a timely request for counsel based on a "colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." *Id.* at 790 (emphasis added). The decision-maker should also consider whether the parolee is capable of "speaking effectively for himself." *Id.* at 790-91. States have authority to make a "case-by-case" decision on the need for appointing counsel "in the exercise of a sound discretion." *Id.* at 790.

Here, petitioner was advised that he had the right to a state appointed attorney under certain circumstances to be determined by a hearing officer. Petitioner was further advised that if he did not qualify for the right, he could hire an attorney to represent him.

Thereafter, the preliminary hearing officer determined:

> I denied Offender a State Appointed Attorney as the issues are non-complex and Offender is articulate and capable of speaking for himself.

Similarly, the revocation hearing officer who initiated the revocation hearing[7] determined:

> RELEASEE was denied a State appointed attorney because the issues are non-complex and RELEASEE is articulate and capable of speaking for himself.

Petitioner did not claim an inability to hire an attorney, nor did he employ an attorney to represent him, after he was denied state appointed counsel.

Petitioner was charged with violating rule #2 of the conditions of his parole by failing to obey all municipal, county, state and federal laws by, specifically, driving while intoxicated. It would have been difficult, at best, for petitioner to make a "colorable claim" that he did not commit the alleged violation considering he had foregone a trial and a fact finding determination by participating in the pre-trial diversion program. It would have been equally difficult for petitioner to justify or mitigate the violation by substantial reasons, and to show such reasons were complex or otherwise difficult to develop or present. Petitioner has not, and cannot, show the State abused its discretion in denying petitioner appointed counsel. Further, as noted above, petitioner raised this issue at the state habeas level and this Court cannot find the denial of petitioner's claim meets the criteria necessary to overcome the AEDPA deference required for obtaining federal habeas corpus relief. While this Court may have held differently, such is not the standard for granting federal habeas corpus relief. The hearing officers' denial to appoint petitioner counsel to represent him during the revocation proceedings was not a violation of a constitutional right. Petitioner's claim should be DENIED.

---

[7]Mr. Michael Shaffer was the hearing officer for the portion of the hearing conducted on March 23, 2004. Mr. Eduard Zijlstra, who was also the preliminary hearing officer, completed the revocation hearing on April 5, 2004.

## B.
### Evidence of Pre-trial Diversion Program

By his second ground, petitioner initially appears to argue the preliminary hearing officer refused to admit evidence of the pre-trial diversion program petitioner had entered into with regard to his DWI charge. Although the record does not reflect documentation of the pre-trial diversion program was admitted into evidence at the preliminary hearing, the record does indicate a parole officer testified at that hearing that petitioner was participating in the pre-trial diversion program. The document reflecting petitioner's diversion agreement, however, was admitted as Exhibit C at the revocation hearing. Petitioner has not shown a constitutional violation occurred with regard to the testimony or subsequent admission into evidence of the pre-trial diversion agreement.

Petitioner next appears to argue the actions of the preliminary hearing officer in finding probable cause of a violation of petitioner's conditions of release effectively prohibited petitioner from successfully completing the pre-trial diversion program. If it is petitioner's contention that his constitutional rights were violated because the mere progression of the revocation proceeding resulted in his inability to successfully complete the diversion program, petitioner's argument is without merit. Petitioner fails to show the holding of judicial or quasi-judicial proceedings (parole revocation proceedings) is, in itself, a violation of a constitutionally protected right.

Lastly, petitioner appears to argue his participation in the pre-trial diversion program should have precluded the revocation of his parole because, if successfully completed, the agreement would have eliminated the adjudication of guilt for the DWI. The absence of an adjudication of guilt and a lack of a conviction, however, is not equivalent to a finding that a

charged individual did not, in fact, commit a criminal offense. Instead, it is simply an alternative to prosecution for the charged offense.

As a condition of petitioner's release to parole, petitioner was required to obey all municipal, state and federal laws. The offense report and the officer's testimony support a finding that petitioner violated this condition of his release. Petitioner's participation in, or even successful completion of, the pre-trial diversion program did not preclude a finding that petitioner violated the conditions of his release nor did his participation prevent the parole revocation proceeding. Petitioner's claim is without merit and should be DENIED.

## C.
## Commission of Fraud at Preliminary Hearing

By his third ground, petitioner argues the preliminary hearing officer (PHO) committed fraud and, consequently, violated petitioner's federal constitutional rights. Specifically, petitioner argues the PHO's indication on the hearing report that he admitted the DWI offense report into evidence at the preliminary hearing as Exhibit B was false because such report was not available to the PHO until <u>after</u> the hearing. Petitioner concludes that without the DWI offense report, there was no probable cause to warrant a revocation hearing and, thus, proceeding to a revocation hearing was a denial of fundamental due process.

As explained to petitioner in correspondence from the Texas Board of Pardons and Paroles dated November 28, 2005:

> [Y]ou have misunderstood what was taken into evidence and marked as Exhibit B during the Preliminary Hearing.
>
> On 3-9-2004 Parole Officer R. Aranda introduced the offense report dated 12-1-2003, Driving While Intoxicated, from the Texas Department of Public Safety, 5 pages. Hearing Officer E. Zijlulstra accepted the documents into evidence and

marked it as Exhibit # B, 5 pages.

The Parole Officer indicated that he did not have the Complaint/Information (court document) but would obtain it and introduce it at the next hearing, should the case proceed to a revocation hearing.

At the Revocation Hearing of March 23, 2004, DPO Aranda introduced the Complaint, Cause # 2003-11170, Driving While Intoxicated, and Hearing Officer Michael E. Shaffer accepted the document and marked it as Exhibit # B, 1 page. The hearing officer accepted this document on March 23, 2004 (which [document] has a fax date of March 16, 2004).

You have confused the two Exhibits, which are both marked as Exhibit B. Once you read the hearing reports and review the contents of each document, it is very clear as to when they were introduced. The record of the Preliminary and the Revocation Hearings are correct.

The undersigned finds the PHO did not commit fraud in this instance, nor did he fabricate probable cause to move onto a revocation hearing in violation of petitioner's fundamental right to due process. The offense report (5 pages) was available at the March 9, 2004 preliminary hearing and was admitted as Exhibit B. The complaint charging petitioner with the DWI offense was available at the March 23, 2004 revocation hearing, having been faxed to someone on March 16, 2004, and was admitted at that hearing as Exhibit B. The undersigned finds no constitutional violation in this instance. Petitioner's ground should be DENIED.

D.
State Habeas Corpus Proceedings

By his fourth ground, petitioner appears to argue his federal constitutional rights were violated because he was denied an in-person hearing for an offer of proof during state habeas corpus proceedings. A petitioner is not entitled to federal habeas corpus relief due to an error in state post-conviction proceedings. *See Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir. 1999). In fact, such an allegation of error is not a sufficient ground for habeas corpus relief in federal

court. *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). For an inmate to be entitled to federal habeas corpus relief, he must demonstrate a violation of a constitutional right. *Id*. Petitioner's claim that the state courts failed to conduct an in-person hearing on his state habeas application does not allege, much less demonstrate, the denial of a federal constitutional right. Petitioner's ground is without merit and should be DENIED.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner FREDDIE JOE RAY a/k/a Joe Freddie Ray be DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of November 2008.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).